# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| SHAFIQULLAH KOSHANI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:17-CV-265-TWP-HBG |
| ) | |
| ERIC WAYNE BARTON and VANQUISH ) | |
| WORLDWIDE, LLC, ) | |
| ) | |
| Defendants. ) | |

## ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), the Rules of this Court, and Standing Order 13-02.

The parties appeared telephonically before the Court on February 27, 2018, over a discovery dispute. Attorneys Kathrynn Benson and Tillman Finley appeared on behalf of Plaintiff. Attorneys Garrett Swartwood and Michael Maloney appeared on behalf of Defendants.

During the telephonic conference, Defendants asserted that they should not have to respond to discovery given that their Motion to Dismiss and Motion to Bifurcate were still pending. Since the discovery conference, however, the District Judge entered a Memorandum and Order [Doc. 47], denying Defendants' Motion to Bifurcate. The District Judge stated, "[A] stay of discovery on the issues of damages is not warranted." Accordingly, given the District Judge's ruling, discovery must proceed in this case.

Further, during the telephonic conference, Defendants argued that Plaintiff sent them discovery requests and later filed an Amended Complaint, which changed the nature of the claims. Defendants stated that Plaintiff's discovery requests seek information that is no longer relevant.

Further, Defendants claimed that involving the Court was premature because the parties had not discussed this specific issue. The Court has reviewed Plaintiff's discovery requests and finds that Plaintiff's document requests (Nos. 6 and 7 to Defendant Eric Barton and Nos. 15 and 16 to Defendant Vanquish Worldwide, LLC) for "all agreements" between Defendants and related entities, and "all documents" related to any transaction between Defendants and related entities, are overbroad. They shall be more narrowly tailored to reflect the claims made in the Amended Complaint.

Given that it appears that the parties have not discussed these specific discovery issues, however, the Court **ORDERS** the parties to meet and confer in an attempt to resolve the remaining discovery disputes. Further, during the telephone conference, Defendants stated that they would draft a proposed protective order for Plaintiff's review. If the parties cannot agree on the parameters of a protective order and/or cannot resolve the remaining disputes, they **SHALL** contact Chambers for another telephonic conference.

**IT IS SO ORDERED**.

ENTER:

_Bruce Guyton_
United States Magistrate Judge