UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| SHAFIQULLAH KOSHANI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:17-CV-265-TWP-HBG |
| | ) | |
| ERIC WAYNE BARTON and VANQUISH | ) | |
| WORLDWIDE, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), the Rules of this Court, and Standing Order 13-02.

Now before the Court are the following Motions: (1) Plaintiff's Motion for Leave to File Under Seal Exhibit K-S to the Motion to Compel [Doc. 69], (2) Plaintiff's Motion to Compel [Doc. 71], (3) Plaintiff's Motion to Compel Responses to His Second and Third Sets of Interrogatories and Requests for Production of Documents [Doc. 81], and (4) Defendants' Motion to Extend Discovery Deadline, Continue Trial Date and Modify Scheduling Order [Doc. 84] ("Motion to Extend"). The parties appeared before the undersigned for a motion hearing on September 10, 2018. Attorney Tillman Finley appeared on behalf of Plaintiff. Attorney Michael Malone and Garrett Swartwood appeared on behalf of Defendants. Accordingly, for the reasons further explained below, Plaintiff's Motion for Leave to File Under Seal [**Doc. 69**] is **DENIED AS MOOT**, Plaintiff's Motions to Compel [**Docs. 71, 81**] are **GRANTED IN PART AND DENIED IN PART**, and Defendants' Motion to Extend [**Doc. 84**] is **GRANTED**.

**I.    BACKGROUND**

The Complaint in this case was filed on June 20, 2017, and later amended [Doc. 41] on February 9, 2018. The Amended Complaint alleges that the action arises from Defendants' refusal to comply with their contractual, fiduciary, and other legal obligations to Plaintiff resulting from a joint venture partnership established by Plaintiff and Defendant Barton to conduct business together in Afghanistan. [Doc. 41 at ¶ 1]. Plaintiff alleges that instead of honoring their commitments and legal obligations to Plaintiff, Defendants acted as if the partnership between Plaintiff and Defendant Barton did not exist and appropriated Plaintiff's contributions and investment in the partnership and all business opportunities in Afghanistan for their own benefit. [*Id.*].

Specifically, the Amended Complaint states that in 2010, Plaintiff and Defendant Barton agreed to form a joint venture partnership to provide services for profit in Afghanistan and that they established a partnership and registered their business with the Afghan government, calling their company "Vanquish Worldwide." Plaintiff and Defendants proceeded to pursue a substantial contract for the provision of line haul services to the United States and coalition forces in Afghanistan, the National Afghan Trucking ("NAT") contract. [*Id.*].

The Amended Complaint states that instead of submitting a proposal on behalf of the parties' joint venture partnership, Vanquish Worldwide, Defendant Barton submitted that proposal for the trucking contract in the name of his own American company with a nearly identical name, Vanquish Worldwide L.L.C. ("Vanquish"). [*Id.* at ¶ 3]. The United States awarded the contract to Defendant Vanquish. [*Id.* at ¶ 4]. After Plaintiff discovered the deception, Plaintiff insisted that they proceed with the venture as partners as they had originally agreed. [*Id.*]. Defendants agreed, and the parties signed a Profit Sharing Agreement by which they reiterated their agreement

to conduct business operations together in Afghanistan and that all operations would be contracted under the name of the parties' joint venture partnership, Vanquish Worldwide. [*Id.*].

The Amended Complaint states that after the operation was established and Defendant Vanquish began receiving payments under the contract, Defendants froze Plaintiff out of the business, returning to him a portion of the funds that he had invested but refused to return the balance of Plaintiff's capital investment and to remit to him his share of the profits obtained from the contract. [*Id.* at ¶ 5].

Plaintiff brings this action to enforce his rights against Defendants Barton and Vanquish under the parties' partnership and the profit sharing agreement and the laws of Afghanistan. [*Id.* at ¶ 6]. Specifically, Plaintiff seeks to recover his rightful share of the profits on the NAT contract and other business opportunities in Afghanistan that Defendants usurped for themselves in breach of their obligations to Plaintiff, to recover for Defendants' appropriation and use of Plaintiff's substantial investments and contributions to their business operations in Afghanistan, and to obtain an accounting of Defendants' business operations in Afghanistan. [*Id.*].

## II.    ANALYSIS

The Court has considered the parties' filings, in addition to the oral arguments presented at the hearing. For the reasons explained below, Plaintiff's Motion for Leave to File Document Under Seal [**Doc. 69**] is **DENIED AS MOOT**, Plaintiff's Motions to Compel [**Docs. 71, 81**] are **GRANTED IN PART**, and Defendants' Motion [**Doc. 84**] is **GRANTED**.

Federal Rule of Civil Procedure 26(b)(1) provides as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources,

the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Courts have explained that the "scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad." *Meredith v. United Collection Bureau, Inc.,* 319 F.R.D. 240, 242 (N.D. Ohio 2017) *(quoting Lewis v. ACB Bus. Serv., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998)). Courts have cautioned, however, that "[d]iscovery requests are not limitless, and parties must be prohibited from taking 'fishing expeditions' in hopes of developing meritorious claims." *Bentley v. Paul B. Hall Reg'l Med. Ctr.*, No. 7:15-CV-97-ART-EBA, 2016 WL 7976040, at \*1 (E.D. Ky. Apr. 14, 2016). "[T]he [C]ourt retains the final discretion to determine whether a discovery requests is broad or oppressive." *Id.* (citing *Surles v. Greyhound Lines, Inc.,* 474 F.3d 288, 305 (6th Cir. 2007)).

Given the above guidance, the Court will now turn to the instant Motions. The Court will address the Motions in the order in which they were filed.

### A.    Plaintiff's Motion to Seal [Doc. 69]

Plaintiff requests to file under seal excerpts of Exhibit K to his Motion to Compel. Specifically, these excerpts are from the deposition of Anna Love, the Chief Financial Officer of Vanquish. [Doc. 70]. Plaintiff filed certain portions of Love's deposition under seal because Defendants designated such portions as "Outside Counsel Eyes Only." Defendant did not respond to the Motion.[1]

---

[1] Defendants are directed to the Memorandum and Order Regarding Sealing Confidential Information [Doc. 6]. The Memorandum and Order states, "In the event a party moves to file under seal information which has been designated as confidential by someone else . . ., the party who has designated the information as confidential will have fourteen days from service of the motion to seal to file: (a) a response indicating whether the party supports the motion to seal, and (b) if the response is in the affirmative, any declarations or other papers supporting such response.

During the hearing, Defendants stated that they do not request that the deposition be filed under seal. Accordingly, given Defendants' representation, Plaintiff's Motion to Seal [**Doc. 69**] is **DENIED AS MOOT**. The Clerk is **DIRECTED** to unseal **Doc. 70**.

### B.    Plaintiff's Motion to Compel [Doc. 71]

Plaintiff's Motion to Compel seeks discovery responses to its interrogatories and requests for document production. Plaintiff also requests that the Court reopen Defendant Barton's deposition. Further, Plaintiff argues that Defendant Vanquish failed to produce a prepared Rule 30(b)(6) witness. Defendants respond in opposition, arguing that the discovery requests are irrelevant and overbroad in time and scope.

During the hearing, Defendants argued that Plaintiff's discovery requests should be temporally limited. Specifically, Defendants stated that the contracts at issue were only for three years, and thus, any documents created after December 18, 2015, are irrelevant. Plaintiff asserted that Defendants raised the same argument in their motion for summary judgment. Plaintiff submitted that Defendants' position is a merits argument that should not limit discovery at this time. Further, Plaintiff argued that the contracts at issue continued after 2013 and that his Amended Complaint alleges that the parties were supposed to share the profits from all the work performed in Afghanistan.

The Court finds Defendants' request to limit the temporal scope of the discovery requests not well taken. Plaintiff has specifically alleged in his Amended Complaint that he is entitled to a share of the profits on the NAT contract and other business opportunities in Afghanistan. [Doc. 41 at ¶ 6]. While the undersigned observes that Defendants have raised the same argument in their motion for summary judgment, the Court has not ruled on that motion, and the undersigned declines to limit discovery that is relevant to the allegations set forth in the Amended Complaint.

Defendants also argue that Plaintiff requested Vanquish's records as a whole company, as opposed to information regarding Defendant Vanquish's work in Afghanistan. Specifically, with respect to this argument, Defendants object to the general ledger accounting data; financial statements and reports; payments, compensation, loans, or other transfers to Defendant Barton; tax returns; and assets, accounts, and loans. With the exception of the tax returns, the Court finds such discovery **SHALL** be limited to Defendants' business operations in Afghanistan. The Court finds that this limitation allows Plaintiff to seek discovery that is relevant to the allegations in the Amended Complaint and is proportional to the needs to this case. *See* Fed. R. Civ. P. 26(b). The parties also dispute whether the production of Defendant Vanquish's general ledger is sufficient because it did not include receivables, liabilities, and funding associated with the contracts at issue. Plaintiff explains why he needs such information (i.e., to understand how Defendant Vanquish accounted for such items and to understand and interpret the project-specific entries). Defendants have not rebutted Plaintiff's statement. Accordingly, the general ledger **SHALL** include such information. Further, Defendants **SHALL** provide the definitions of the various general ledger accounts.

With respect to the tax returns, the Court finds Defendant Vanquish's tax returns are relevant, and Defendant Vanquish **SHALL** produce them to Plaintiff. The Court agrees with Plaintiff that tax returns provide assurances regarding the accuracy of the information already produced. At this time, however, the Court will not order Defendant Barton to produce his tax returns. After reviewing Defendant Vanquish's tax returns, if Plaintiff still believes that Defendant Barton's tax returns are necessary, the Court will revisit the issue via a telephonic conference with the parties. Accordingly, Defendant Vanquish **SHALL** produce the requested tax returns to

6

Plaintiff. Defendants may mark such records, and any other financial information produced, as "confidential" pursuant to the protections of the Protective Order.

Plaintiff further asserts that Defendant Vanquish failed to produce a prepared Rule 30(b)(6) witness. Specifically, Plaintiff asserts that the witness was not prepared to testify as to the revenues on the NAT contract, Vanquish's gross margins, or profits. Defendant Vanquish asserts that it did provide a prepared Rule 30(b)(6) witness and that counsel simply stopped short of asking follow-up questions.

The Court observes that during the deposition, the Rule 30(b)(6) witness testified that she could calculate the revenues on all of the NAT contracts thus far, "[w]ith a calculator and this spreadsheet." [Doc. 70 at 3]. She also testified that the company generates financial statements, which would show the revenues for the NAT contracts for every year from 2012 to present. [Doc. 72-11 at 18]. In addition, she testified that she provided counsel a way to calculate gross margin information. [*Id.* at 26]. The Court agrees with Plaintiff that the witness was not fully prepared for her deposition. While she testified she could make such calculations, she never testified as to the specific numbers as requested. Accordingly, the Court **ORDERS** Defendant Vanquish to supplement its answers with respect to Topics 4 and 6 in the Notice of Deposition [Doc. 72-10].

Further, Plaintiff requests that Defendant Barton's deposition be reopened. Defendants agree to reopen Defendant Barton's deposition but assert it should be limited to the loan modification agreement, which was recently produced. Given that Plaintiff did not have adequate discovery responses from Defendants when Defendant Barton's deposition was taken, the Court finds it appropriate to reopen Defendant Barton's deposition and allow Plaintiff to question Defendant Barton about the loan modification agreement and any discovery that was requested but

not produced prior to his deposition. The Court will not order Defendants to pay for the costs of this deposition given the genuine discovery disputes summarized above.

Finally, Plaintiff requests attorney's fees for filing the instant Motions. If the court grants a motion to compel or the discovery is provided after the motion was filed, the court must issue an award of the reasonable expenses incurred in making the motion, unless the movant failed to confer in good faith before filing the motion, the opposing party's objection was substantially justified, or other circumstances make an award of expenses unjust. *See* Fed. R. Civ. P. 37(a)(5). The Court declines to award attorney's fees at this time because the parties genuinely disputed whether Defendants' responses were deficient and the proper scope of discovery. *See* Fed. R. Civ. P. 37(a) Advisory Committee Notes to 1970 Amendment (where "the dispute over discovery is genuine, though ultimately resolved one way or the other by the court . . . the losing party is substantially justified in carrying the matter to court."). Further, the Court observes that Plaintiff offered no evidence as to his costs incurred and whether such costs were reasonable. The Court, however, **ADMONISHES** Defendants that future discovery deficiencies that result in motion practice may warrant an award of attorney's fees.

> **C.** **Plaintiff's Motion to Compel Responses to Second and Third Sets of Interrogatories and Requests for Production of Documents [Doc. 81]**

In Plaintiff's Motion to Compel, he asserts that Defendant Vanquish failed to serve anything in response to the third set of interrogatories. In addition, Plaintiff states that Defendant Vanquish served non-specific boilerplate objections to the second set of interrogatories but later agreed to supplement its responses to certain interrogatories within a week. Plaintiff states that Defendant Vanquish supplemented a month later and improperly responded to contention interrogatories by referencing documents rather than answering the questions directly and inexplicably omitted any supplemental response to one of the interrogatories at issue. Plaintiff

states that Defendants promised to produce all responsive documents to a number of Plaintiff's document requests, but Defendants did not produce any documents. Plaintiff argues that sanctions are proper.

Defendant Vanquish states that it responded to the third set of document requests on August 16, 2018, and that the responses were late because counsel inadvertently omitted the deadline from the docketing system. Defendants state that much of the discovery relates to Defendant Vanquish's financial information, which is the subject of Plaintiff's other Motion to Compel. In addition, Defendants assert that Defendant Vanquish has responded fully to the second set of interrogatories and that the interrogatories are not contention interrogatories. Defendants assert that they produced documents responsive to Plaintiff's second requests for production of documents. Defendants state that they provided numerous documents on June 15, 2018, prior to the Rule 30(b)(6) witness's deposition, and that they made a supplemental production on August 17, 2018, which includes all contracts in Afghanistan and all subcontracts under the NAT contract.

The Court finds that Defendants **SHALL** respond to Plaintiff's discovery requests that are subject to this Motion with the limitation set forth above. *See supra* Section II.B. Defendants **SHALL** set forth their position with respect to the contention interrogatories. The Court agrees with Plaintiff that providing an expansive range of documents is not a proper method to respond to interrogatories. The Court declines to order sanctions at this time for the reasons set forth above. Accordingly, Plaintiff's Motion to Compel Responses to Second and Third Sets of Interrogatories and Requests for Production of Documents [**Doc. 81**] is **GRANTED IN PART AND DENIED IN PART**.

**D. Defendants' Motion to Extend Discovery Deadline, Continue Trial Date and Modify Scheduling Order [Doc. 84]**

Defendants request that the Court continue the trial and certain deadlines contained in the Scheduling Order. In support of their Motion, Defendants stated that on July 18, 2018, they filed their Answer and Affirmative Defenses to Amended Complaint and Counterclaim and that on August 1, 2018, Plaintiff filed his Answer. Defendants state that the discovery deadline expires on August 8, 2018, and that they need additional time to conduct discovery into their counterclaims and Plaintiff's responses and affirmative defenses to those counterclaims.

Plaintiff responded in opposition [Doc. 87], asserting that Defendants were not diligent in pursuing discovery and have not shown good cause for their failure to do so. Plaintiff asserts that with respect to his Answer and responses to discovery, Defendants do not explain what additional discovery is needed. Plaintiff further argues that bringing permissive counterclaims this late should not be permitted as a means to manufacture a continuance. Defendants filed a Reply [Doc. 89], arguing that they disagree with some of the statements of law made by Plaintiff.

The Court has considered the parties' positions and finds a trial continuance warranted. The Court has previously expressed concern that the parties would not be able to complete discovery prior to the trial date. *See* [Doc. 76]. The Court also expressed concern that it would not have sufficient time to rule on any *Daubert* motions prior to the trial date. [*Id.*]. Further, given the parties' discovery disputes (as outlined above), it is clear that they need additional time to prepare for trial. Accordingly, Defendants' Motion to Extend [**Doc. 84**] is well taken, and it is **GRANTED**. During the hearing, the parties stated that they were available for trial on February 19, 2019. The trial set for November 6, 2018, is hereby **CANCELED** and **CONTINUED** to **February 19, 2019**. The Court further **ORDERS** as follows:

1. All discovery shall be completed ninety (90) days before trial;

2. Plaintiff shall disclose his expert on **October 24, 2018**;

3. Defendants shall disclosure their experts on or before **November 23, 2018**; and

4. All *Daubert* motions shall be filed on or before **December 14, 2018.**

All other unexpired deadlines, from the date of Defendants' Motion, shall be recalculated to the new trial date. Accordingly, Defendants' Motion to Extend Discovery Deadline, Continue Trial Date and Modify Scheduling Order [**Doc. 84**] is **GRANTED**.

## III. CONCLUSION

Accordingly, for the reasons set forth above, the Court finds as follows:

1. Plaintiff's Motion for Leave to File Under Seal Exhibit K-S to the Motion to Compel [**Doc. 69**] is **DENIED AS MOOT**;

2. Plaintiff's Motion to Compel [**Doc. 71**] is **GRANTED IN PART AND DENIED IN PART**;

3. Plaintiff's Motion to Compel Responses to His Second and Third Sets of Interrogatories and Requests for Production of Documents [**Doc. 81**] is **GRANTED IN PART AND DENIED IN PART**; and

4. Defendants' Motion to Extend Discovery Deadline, Continue Trial Date and Modify Scheduling Order [**Doc. 84**] is **GRANTED**.

Defendants **SHALL** have fourteen (14) days from entry of this Memorandum and Order to provide the discovery as ordered above. The Court expects the parties to work together to reschedule the deposition of Defendant Barton.

**IT IS SO ORDERED**.

ENTER:

_____
United States Magistrate Judge