UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| SHAFIQULLAH KOSHANI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:17-CV-265-TWP-HBG |
| | ) | |
| ERIC WAYNE BARTON and VANQUISH WORLDWIDE, LLC, | ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), the Rules of this Court, and Standing Order 13-02.

The parties appeared before the Court via telephone on November 14, 2018, for a conference regarding a discovery related dispute. Attorney Tillman Finley appeared on behalf of Plaintiff. Attorneys Garrett Swartwood and Michael Maloney appeared on behalf of Defendants. Specifically, Plaintiff raised issues with respect to the sufficiency of Defendants' responses to discovery. Defendants stated that they responded to Plaintiff's discovery requests but would supplement if necessary. At the conclusion of the hearing, the Court instructed Plaintiff to send the undersigned a copy of the discovery requests with the responses thereto in order to determine whether Defendants complied with their discovery obligations.

The Court has now reviewed the responses from both Defendants Barton and Vanquish Worldwide, LLC ("Vanquish"). As an initial matter, the Court notes that a majority of Defendants' responses simply reference a number of documents. *Johnson Marcraft, Inc v. W. Sur. Co.,* No. 3:15-CV-01482, 2016 WL 3655299, at *2 (M.D. Tenn. July 8, 2016) ("Generally, referencing a

mass of documents or records does not comply with Rule 33(d)."). Accordingly, the Court finds that Defendants' responses to the following discovery requests are deficient:

> Defendant Vanquish Worldwide, LLC's Supplemental Responses to Plaintiff's First Set of Interrogatories: Nos. 2, 3, 4, 5, 6, 7, and 9. Further, the Court finds that the response to Interrogatory No. 8 is deficient because it does not identify any assets.
>
> Defendant Eric Barton's Supplemental Responses to Plaintiff's First Set of Interrogatories: No. 3.

Defendants shall supplement their responses to the above discovery requests within ten (10) days of entry of this Order. The Court has also reviewed Defendant Vanquish's Second Amended Supplemental Response to Plaintiff's Second Set of Interrogatories Nos. 11-14. The Court finds Defendant Vanquish's responses, which cite an attached addendum, sufficient at this time. The addendum provides the revenue, direct costs, indirect costs, and net income for each contract, which is the information that the interrogatories request. In addition, the Court finds Defendant Vanquish's Supplemental Response to No. 20 of Plaintiff's Second Set of Interrogatories adequate. Further, the Court declines to award sanctions at this time, but **ADMONISHES** Defendants that a violation of the instant Order will result in sanctions. *See* Fed. R. Civ. P. 37(b).

Finally, during the conference, Defendants stated that the Court did not enter an amended Scheduling Order. The Court observes that the previous Order [Doc. 91] stated, "All other unexpired deadlines, from the date of Defendants' Motion, shall be recalculated to the new trial date." The Court further **ORDERS** that special requests for jury instructions shall be submitted to the Court no later than thirty (30) days before trial and shall be supported by citations of authority pursuant to Local Rule 7.4. There is reserved to counsel for the respective parties the

right to submit supplemental requests for instructions during the course of the trial or at the conclusion of trial upon matters that cannot be reasonably anticipated.

**IT IS SO ORDERED**.

ENTER:

_____
United States Magistrate Judge