IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| SHAFIQULLAH KOSHANI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:17-CV-265 |
| ) | |
| ERIC WAYNE BARTON, and ) | |
| VANQUISH WORLDWIDE, L.L.C., ) | |
| ) | |
| Defendants. ) | |

## **O R D E R**

The Court has considered the parties' arguments on their respective Rule 50 motions for judgment as a matter of law.

First, the Court will **GRANT** Plaintiff's Rule 50 motion as to Mr. Barton's Counterclaim 1, which alleges a breach of contract. Mr. Barton's own testimony before the jury was that he knew that Vanquish Afghanistan would not be performing trucking missions under the NAT contract, and instead was giving every trucking mission to United Sadat, by at least January 2012. However, Mr. Barton did not raise this breach of contract claim until July 18, 2018, well after the six-year statute of limitations expired. The Court acknowledges that Mr. Barton asserts that the out-of-state tolling statute saves this claim from being time-barred, but the Court has already addressed that argument at the summary judgment stage and will not revisit it here. Accordingly, judgment will be entered in Plaintiff's favor as to Mr. Barton's counterclaim for breach of contract.

1

Because the Court will enter judgment in Plaintiff's favor as to Mr. Barton's counterclaim for breach of contract, it necessarily must **GRANT** Plaintiff's Rule 50 motion as to Mr. Barton's Counterclaim 2, which relates to a breach of the implied covenant of good faith and fair dealing. In Tennessee, a claim based on the implied covenant of good faith and fair dealing is not a stand alone claim, but is part of an overall breach of contract claim. *Jones v. LeMoyne -Owen College*, 308 S.W.3d 894, 907 (Tenn. Ct. App. 2009). There is no cause of action for breach of the implied covenant of good faith and fair dealing absent a valid claim for breach of contract. Because the Court has found that Mr. Barton's claim for breach of contract is not valid, he cannot raise a stand-alone claim of breach of the implied covenant. Accordingly, judgment will be entered in Plaintiff's favor as to Mr. Barton's counterclaim for breach of the implied covenant of good faith and fair dealing.

Next, the Court will **GRANT** Plaintiff's Rule 50 motion as to Vanquish Worldwide LLC's Counterclaim 6, which alleges inducement of a breach of contract under Tenn. Code Ann. § 47-50-109. The Court finds that Vanquish has presented no evidence, much less clear and convincing evidence, to support a showing of many of the elements of an inducement claim, including that Mr. Koshani knew of the contract between Jawid and Vanquish, that Mr. Koshani intended for that contract to be breached, that Mr. Koshani acted maliciously, or that Vanquish suffered damages as a result of the breach. Accordingly, judgment will be entered in Plaintiff's favor as to Vanquish's counterclaim for inducement of a breach of contract.

Moving on to the arguments relating to defenses, the Court will **GRANT** Plaintiff's Rule 50 motion as to the defense of laches. Under Tennessee law, although the defense of

laches may be raised when an action is filed within the statute of limitations, a showing of "gross laches" is required in such circumstance. *Consumer Credit Union v. Hite*, 801 S.W.2d 822, 825 (Tenn. Ct. App. 1990). The Court finds that there is no evidence that would support a reasonable jury concluding that gross laches applies to bar Plaintiff's claim in this case. Nothing in the record indicates that Plaintiff's delay in filing this action was unreasonable. Accordingly, the Court will grant judgment as a matter of law on this defense.

The Court will also **GRANT** Plaintiff's Rule 50 motion as to the defense of merger. The Court finds that the elements of merger have not been established because the doctrine of merger is dependent on the parties' intent, and the evidence does not support a finding that the parties intended the Profit Sharing Agreement and the so-called Partnership Agreement to merge. In the alternative, the Court also finds that the Profit Sharing Agreement and Partnership Agreement did not contain materially inconsistent terms, such that they cannot stand together as supplemental agreements, and for this reason, the merger doctrine does not apply. Although the Court finds that the doctrine of merger does not apply, Defendant is free to argue that the Partnership Agreement demonstrates the parties' intent as to both the Profit Sharing Agreement and the Partnership Agreement.

On the other hand, the Court will **DENY** Plaintiff's Rule 50 motion as to the defense of first material breach. The Court finds that whether Mr. Koshani was the first to materially breach the parties' agreements is a matter for the jury to decide.

Finally, the Court will **DENY** Plaintiff's Rule 50 motion as it relates to Mr. Barton's liability on Plaintiff's claim. Likewise, the Court will **DENY** Defendant's renewed Rule

3

50 motion on this ground. The issue of Defendant's liability on Plaintiff's claim is a proper factual dispute for the jury to decide, and there is sufficient evidence to submit the issue to the jury.

**IT IS SO ORDERED.**

    s/ Thomas W. Phillips
SENIOR UNITED STATES DISTRICT JUDGE