UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| SHAFIQULLAH KOSHANI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:17-CV-265-TWP-HBG |
| | ) | |
| ERIC WAYNE BARTON and VANQUISH WORLDWIDE, LLC, | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

## ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), the Rules of this Court, and Standing Order 13-02.

The parties appeared before the Court via telephone on September 13, 2019, over a post-judgment discovery dispute. Attorney Tillman Finley appeared on behalf of Plaintiff. Attorneys Michael Maloney and Garrett Swartwood appeared on behalf of Defendants. By way of background, on August 28, 2019, the Court granted [Doc. 318] Defendant Barton's motion for an extension of time to respond to post-judgment discovery. The Court stated that "Defendant's responses to the subject discovery shall be made on or before September 9, 2019." [*Id.*]. On September 12, 2019, Plaintiff requested a telephone conference with the Court, stating that Defendant did not provide complete responses to the interrogatories and that Defendant did not produce any documents in response to the requests for production of documents.

The Court reviewed Defendant Barton's discovery responses and agrees that many of the responses are inadequate. Further, he did not produce any documents or provide a privilege log in support of his assertion of the accountant-client privilege. During the telephone conference,

Defendant stated that he could complete his discovery responses and document production by September 19, 2019. Plaintiff agreed to provide Defendant a list of the discovery requests that need further detail.

Accordingly, the Court hereby **ORDERS** Defendant Barton to produce complete responses to the interrogatories and to produce documents in response to the requests for production of documents on or before **September 19, 2019**. The interrogatories and requests for production of documents **SHALL** be limited from 2015 to the present. After reviewing such discovery, if Plaintiff believes pre-2015 discovery is warranted, he may file a motion with the Court showing how such discovery is relevant to his post-judgment collection efforts. Further, the Court **GRANTS** Plaintiff leave to move for sanctions if Defendant's responses and document production remain deficient after the deadline. *See Scioto Const., Inc. v. Morris*, No. 4:99-CV-83, 2007 WL 1656222, at *1 (E.D. Tenn. June 7, 2007) (holding defendant in civil contempt for failing to answer plaintiff's post-judgment interrogatories).

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge